UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2007 JUL 26 A 10:59
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA

v.

JOSEPH A. YERARDI
and
JOHN J. TOYIAS,
Defendants.

CRIMINAL NO. 07 CR 10239 MLW

Violations: 18 U.S.C. § 371
(Conspiracy) (Yerardi and Toyias)
26 U.S.C. §7201
(Tax Evasion) (Yerardi)
26 U.S.C. § 7206(1)
(Filing False Tax Return) (Toyias)

# INFORMATION

The United States Attorney charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Defendant JOSEPH A. YERARDI was an individual residing at 338 Langley Rd., Newton, Massachusetts.

2. Defendant JOHN J. TOYIAS was an individual residing at 15 King's Way, Waltham, Massachusetts.

3. Beginning at a date unknown prior to 1998 and continuing until sometime in 2002, YERARDI owned and operated an excavating and trucking business using a variety of different names and entities, all of which will be referred to jointly as "Yerardi Industries." At different times, Yerardi Industries had principal places of business in Dedham and Waltham, Massachusetts.

4. Beginning in or about 1998 and continuing until sometime in 2002, TOYIAS was

employed by Yerardi Industries. TOYIAS performed bookkeeping duties for Yerardi Industries. Those duties included paying employees, subcontractors and creditors, and opening and maintaining various business bank accounts. TOYIAS was the only person with signature authority on some of Yerardi Industries' bank accounts.

5. From in or about 2000 until the present, TOYIAS owned and operated a landscaping supply company called Jayco Landscape Supply Company, Inc. (hereinafter "Jayco"). Jayco had a principal place of business in Waltham.

6. Beginning in or about 2002 and continuing until a date uncertain on or after 2004, YERARDI was employed by Jayco.

**COUNT ONE (YERARDI and TOYIAS)**

**(Conspiracy -- 18 U.S.C. § 371)**

7. The United States Attorney re-alleges and incorporates by reference paragraphs 1-6 of this Information and further charges that:

8. From a date unknown but no later than in or about 2000, and continuing until a date unknown but no earlier than in or about December 2004, in the District of Massachusetts and elsewhere, the defendants,

JOSEPH A. YERARDI
and
JOHN J. TOYIAS

did unlawfully, willfully and knowingly conspire, confederate, and agree with each other and with individuals both known and unknown to the United States Attorney, to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service ("IRS") of the United States Treasury Department in the ascertainment, computation, assessment, and collection of the revenue: to wit, income taxes.

**Objectives of the Conspiracy**

9. A purpose and objective of the conspiracy was to divert funds of Yerardi Industries to or for the benefit of YERARDI, TOYIAS, and employees of Yerardi Industries in a manner designed to avoid reporting and paying the taxes due and owing on that income to the Internal Revenue Service.

10. A purpose and objective of the conspiracy was to divert Jayco funds to or for the benefit of YERARDI, TOYIAS and employees of Jayco in a manner designed to avoid reporting

and paying the taxes due and owing on that income to the Internal Revenue Service.

**Manner and Means of the Conspiracy**

11. It was a part of the conspiracy that bank accounts were opened for the purpose of diverting money to or for the benefit of YERARDI, TOYIAS, and the employees of Yerardi Industries and Jayco without reporting that income to the Internal Revenue Service. Two of the bank accounts were opened using names of nonexistent entities, "B.C. Recycling" and "Rhyno Company." A third was opened using the name "Jayco Landscape Supply." Those three bank accounts will hereafter be referred to collectively as "the hidden bank accounts."

12. It was a further part of the conspiracy that the existence of the hidden bank accounts and their relationship to YERARDI and TOYIAS were concealed from tax preparers.

13. It was a further part of the conspiracy that YERARDI and TOYIAS caused checks from the accounts of Yerardi Industries and Jayco to be prepared and deposited into the hidden bank accounts. YERARDI and TOYIAS accounted for such payments by Yerardi Industries and Jayco with notations on the checks falsely indicating that they were for legitimate business expenses of Yerardi Industries and Jayco, such as "disposal," "trucking," "dumping fees" or "equipment rental." In some instances, fictitious invoices were prepared reflecting falsely that B.C. Recycling had provided goods or services to Yerardi Industries or Jayco.

14. It was a further part of the conspiracy that some checks from customers and others payable to Yerardi Industries and Jayco were deposited into the hidden bank accounts. Such checks were never recorded as income of Yerardi Industries or Jayco in their books and records. To further conceal their existence, the invoices associated with such checks were deleted from the books of Yerardi Industries and Jayco.

15. It was a further part of the conspiracy that funds from the hidden bank accounts were paid to YERARDI, YERARDI'S wife, and to others on behalf of YERARDI.

16. It was a further part of the conspiracy that funds from the hidden bank accounts were paid to TOYIAS and his wife, or deposited in one of their personal bank accounts.

17. It was a further part of the conspiracy that funds from the hidden bank accounts were paid to employees of Yerardi Industries and Jayco for wages.

18. It was a further part of the conspiracy that YERARDI and TOYIAS failed to withhold, account for or pay over to the IRS the federal taxes due and owing from payments to or for the benefit of YERARDI, TOYIAS, and the employees of Yerardi Industries and Jayco from the hidden bank accounts.

19. It was a further part of the conspiracy that YERARDI and TOYIAS told employees of Yerardi Industries and Jayco that payments from the hidden bank accounts were being made "under the table" and that no tax documents would be issued to them or the Internal Revenue Service for such payments.

20. It was a further part of the conspiracy that YERARDI and TOYIAS would not issue Internal Revenue Service Forms W-2 or 1099 to the recipients of payments from the hidden bank accounts and would not otherwise report to the Internal Revenue Service those amounts paid from the hidden bank accounts to or for the benefit of YERARDI, TOYIAS, and their wives.

21. It was a further part of the conspiracy that YERARDI and TOYIAS would and did issue false forms W-2 to the employees of Yerardi Industries and Jayco and would file false Forms 941 with the Internal Revenue Service, which Forms understated the employees' wages by omitting amounts paid from the hidden bank accounts.

22. It was a further part of the conspiracy that YERARDI and TOYIAS would not pay federal income taxes on the funds they received through the hidden bank accounts.

23. During the course of the conspiracy, YERARDI and TOYIAS diverted more than $1.4 million from Yerardi Industries and Jayco into the hidden bank accounts.

24. During the course of the conspiracy, YERARDI and TOYIAS concealed from the Internal Revenue Service more than $1.4 million in taxable income paid from the hidden bank accounts to themselves, their wives and other designees, and the employees of Yerardi Industries and Jayco.

**Overt Acts**

In furtherance of their conspiracy and to accomplish its objectives, YERARDI and TOYIAS performed numerous overt acts, including, but not limited to, the following:

25. In June 1999, TOYIAS established a checking account in the name of "B.C. Recycling."

26. In or about March 2000, TOYIAS established a checking account in the name of "Jayco Landscape Supply."

27. In or about November 2002, TOYIAS established a checking account in the name of "Rhyno Company."

28. On various dates during the existence of the conspiracy, TOYIAS deposited checks drawn on Yerardi Industries and Jayco bank accounts into the hidden bank accounts.

29. On various dates during the existence of the conspiracy, TOYIAS deposited checks payable to Yerardi Industries and Jayco into the hidden bank accounts.

30. On various dates during the existence of the conspiracy, TOYIAS prepared,

signed and delivered checks from the hidden bank accounts to YERARDI, YERARDI'S wife and others on behalf of YERARDI.

31. On various dates during the existence of the conspiracy, TOYIAS prepared, signed and delivered checks from the hidden bank accounts to himself, his wife and his personal bank accounts.

32. On various dates during the existence of the conspiracy, TOYIAS prepared, signed and delivered checks from the hidden bank accounts to employees of Jayco and Yerardi Industries as wage payments.

33. On various dates during the existence of the conspiracy, TOYIAS caused to be prepared and filed with the Internal Revenue Service Forms 941 and W-2 which were false because they failed to include the wages paid to Jayco employees using the three hidden bank accounts.

34. On various dates during the existence of the conspiracy, YERARDI caused to be prepared and filed with the Internal Revenue Service Forms 941 and W-2 which were false because they failed to include the wages paid to Yerardi Industries employees using the three hidden bank accounts.

35. YERARDI has not filed a federal income tax return since tax year 1999. Yerardi Industries has never filed a federal tax return.

36. TOYIAS filed tax returns for the years 2000 through 2004 which failed to include the income received by him from the three hidden bank accounts.

All in violation of Title 18, United States Code, Section 371.

**<u>COUNT TWO (YERARDI only)</u>**

**(Tax Evasion -- 26 U.S.C. §7201)**

37. The allegations contained in paragraphs 1-6 and 8-36 above are realleged and incorporated herein.

38. During the calendar year 2002, the defendant,

JOSEPH A. YERARDI,

a resident of Newton, Massachusetts, had and received taxable income in the sum of not less than $654,472.83; that upon said taxable income there was owing to the United States of America an income tax of not less than $183,252.39; that well-knowing and believing the foregoing facts, JOSEPH A. YERARDI, on or about April 15, 2003, in the District of Massachusetts, did willfully attempt to evade and defeat the said income tax due and owing by him to the United States of America for said calendar year by:

A. Failing to make an income tax return on or before April 15, 2003, as required by law, to any proper officer of the Internal Revenue Service;

B. Failing to pay to the Internal Revenue Service said income tax;

C. Engaging in the conduct described in paragraphs 8-36 above, by means of which YERARDI intentionally concealed his receipt of income and true sources of his income.

D. Diverting checks payable to YERARDI's business entities to the personal bank accounts of YERARDI and YERARDI's wife;

E. Transferring funds from YERARDI's business bank accounts to the personal bank accounts of YERARDI and YERARDI's wife.

All in violation of Title 26, United States Code, Section 7201.

**COUNT THREE (TOYIAS only)**

**(Filing False Tax Return -- 26 U.S.C. §7206(1))**

39. The allegations contained in paragraphs 1-6 and 8-36 above are realleged and incorporated herein.

40. On or about October 17, 2001, in the District of Massachusetts, the defendant

**JOHN J. TOYIAS,**

did wilfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, for tax year 2000, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Director, Internal Revenue Service, Andover, Massachusetts, which Return JOHN J. TOYIAS did not believe to be true and correct as to every material matter in that said Return stated Total Taxable Income of $7,973, when in fact JOHN J. TOYIAS had total taxable income of at least $109,790 during that year.

All in violation of Title 26, United States Code, Section 7206(1).

MICHAEL J. SULLIVAN
United States Attorney

By: ______________________
MARK J. BALTHAZARD
Assistant U.S. Attorney